# UNITED STATES DISTRICT COURT

for the
District of Maryland

Northern Division

Matthew O'Reilly, Pro Se

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Adam Tsottles
&
Waste Management, Inc.

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. GLR 18 CV 3622
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes ☐ No

FILED ENTERED
LODGED RECEIVED
NOV 27 2018
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DROP BOX

## COMPLAINT FOR A CIVIL CASE

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Matthew O'Reilly |
| Street Address | 9911 Rose Commons Dr. E101 |
| City and County | Huntersville, Mecklenburg County |
| State and Zip Code | North Carolina 28078 |
| Telephone Number | 704.906.3422 |
| E-mail Address | |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Adam Tsottles |
| Job or Title *(if known)* | Route Manager, Waste Management |
| Street Address | 3545 Fairfield Road |
| City and County | Baltimore, Baltimore County |
| State and Zip Code | Maryland 21226 |
| Telephone Number | 410.977.9421 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Waste Management, Inc. |
| Job or Title *(if known)* | |
| Street Address | 1001 Fannin, Suite 4000 |
| City and County | Houston |
| State and Zip Code | Texas 77002 |
| Telephone Number | 413.265.1656 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* Matthew O'Reilly, is a citizen of the State of *(name)* (not Maryland).

b. If the plaintiff is a corporation

The plaintiff, *(name)* ______, is incorporated under the laws of the State of *(name)* ______, and has its principal place of business in the State of *(name)* ______.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* Adam Tsottles, is a citizen of the State of *(name)* Maryland. Or is a citizen of *(foreign nation)* ______.

b. If the defendant is a corporation

The defendant, *(name)* Waste Management, Inc., is incorporated under the laws of the State of *(name)* Delaware, and has its principal place of business in the State of *(name)* Houston, Texas. Or is incorporated under the laws of *(foreign nation)* ______, and has its principal place of business in *(name)* ______.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

$ 25,000,000.00 (twenty-five million U.S. dollars), plus any other monetary or equitable relief the court deems appropriate.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

On or about 17 October 2017, Defendant Adam Tsottles, acting in his agency as an employee of Defendant Waste Mangement, Inc., and despite knowing or being negligent in not knowing the falsity of the claim, made a defamatory, malicious, egregiously and demonstrably false statement, orally and in his own writing, to the public record as part of a Criminal Information, that Plaintiff O'Reilly "attempted to steal" a vehicle belonging to Defendant Waste Management, Inc., and thus harmed the Plaintiff per se.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

With regard to the count, Plaintiff requests that judgment be entered against Defendants, including an award of compensatory and actual damages in an amount to be determined at trial, punitive damages, reasonable attorneys fees, pre-judgment interest, post-interest and costs, and such other relief as the Court may deem just and proper. The Plaintiff respectfully requests a minimum of 25 million U.S. Dollars ($25,000,000.00) for compensatory and actual damages resulting from the worldwide reputational and professional injury to Plaintiff, as well as equitable relief as may be appropriate.

Plaintiff further prays for an award of punitive damages in an amount not less than 25 million U.S. Dollars ($25,000,000.00), to punish Defendants for their outrageous, deceitful, unprecedented, vicious and malicious conduct toward Plaintiff. The Plaintiff prays that such punitive damages will deter Defendants from committing such egregious acts in the future against Plaintiff O'Reilly and others similarly situated.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/27/2018

Signature of Plaintiff

Printed Name of Plaintiff Matthew O'Reilly

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Plaintiff Matthew O'Reilly, Pro Se, sues the Defendants, acting in concert, jointly and severally, in this civil action for Common Law Defamation Per Se (libel and slander) and General Defamation (libel and slander), as a result of Defendants causing actual damages, compensatory damages, and giving rise to punitive damages as well, including continuing and aggravated harm to the Plaintiff's professional, business and personal reputation and livelihood.

As grounds therefore, Plaintiff alleges as follows:

**I. JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 under diversity of citizenship. The parties are citizens of different states and the amount in controversy exceeds $75,000. Also, the Cause of Action arose in this district.
2. Venue is proper for Defendants pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(e).
3. The Causes of Action and the injuries were caused to the Plaintiff by the Defendants' defamation in this district, Maryland in general, nationwide, and internationally. (Some of the most recent commercial opportunities for the Plaintiff's work were contracts and projects made available internationally, specifically in the United Arab Emirates, which were subsequently withdrawn.)
4. The Defendants, claiming to have video evidence of the events in concern, had opportunity and duty to know, and therefore knew or should have known that the claim that Plaintiff O'Reilly "attempted to steal" a commercial rubbish removal truck was demonstrably and materially false. Thus, given the egregiously grievous and malicious nature of the statement, the Defendants are subject neither to absolute nor qualified privilege. Further, the Defendants' defamatory statements did not further the public interest, as they were malicious and/or negligent, and separate from and egregiously in excess of what was necessary, reasonable, or conscionable to promote or protect the public interest, and are therefore not protected by privilege.

**II. THE PARTIES**

5. Matthew O'Reilly is a natural person, an individual, and a natural-born citizen of the United States, and is a citizen of a state other than Maryland.
6. Adam Tsottles is a natural person who is an employee, contractor, or other official agent for Waste Management, Inc., and/or its subsidiaries or affiliates, and was acting in whole or in part in that capacity during the actions in question, and lives and/or works in Maryland.
7. Defendant Waste Management, Inc., is a Texas-based and Delaware-incorporated company who is (among other things) engaged in the private removal of waste under contract in Maryland.
8. All of the allegations of this Complaint refer or relate to the tortious, illegal conduct of the Defendants, who acted jointly and severally, to severely damage Plaintiff O'Reilly.

**III. RELEVANT FACTS**

9. Plaintiff O'Reilly sues for harm and thus damages in this district, Maryland in general, nationwide and internationally to himself as an individual, which damages include financial harm to his business and personal reputation as an individual and his business and professional opportunities as an individual, and the intentional and ongoing infliction of emotional distress.
10. Plaintiff O'Reilly sues for harm to his financial interests as an individual owner, investor, partner, shareholder, contractor, and/or employee of any companies impacted by these events, which has resulted in financial harm to Plaintiff O'Reilly as an individual through the loss of value of his interests in those companies as a result of Defendants' defamation and other tortious conduct.
11. Plaintiff O'Reilly sues for harm to his financial interests as an individual, which have been harmed by Defendants' defamation and other tortious conduct, as well as other harm and thus damages to be uncovered during discovery.
12. Plaintiff O'Reilly is a private citizen and at all material times acted individually.

13. Plaintiff O'Reilly has not sought any form of publicity, public note or prominence outside of implementing his own business affairs with respect to the Defendants' actions.
14. Plaintiff O'Reilly has not sought or held any public office or position within the Government.
15. Plaintiff O'Reilly thus is not a public figure.
16. Plaintiff O'Reilly has not sought or acquired any position of public power or influence which would give him the ability to protect himself apart from the courts within the meaning of New York Times v. Sullivan, 376 U.S. 254 (1964).
17. Plaintiff O'Reilly is not a public figure within the meaning of New York Times v. Sullivan, 376 U.S. 254 (1964) or its progeny.
18. At the end of November 2017, the Plaintiff, having been summoned to the Baltimore District Criminal Court, discovered that he had been accused by the Defendants to the Criminal Court system of Maryland through the words, writings, and actions of Adam Tsottles, acting both individually and as an authorised agent of Waste Management, Inc., of the attempted theft of a Waste Management commercial rubbish collection vehicle, using the Maryland Criminal Information process.
19. Defendant Tsottles, in his own voice and hand, gave testimony that Plaintiff O'Reilly "attempted to steal the vehicle", referring to a rubbish collection truck owned and operated by Waste Management, Inc.
20. Plaintiff O'Reilly at no time ever intended to steal, intended to attempt to steal, stole, nor attempted to steal the vehicle in question, nor any other vehicle.
21. Defendant Tsottles was not personally present for the incident for which he gave testimony.
22. Defendant Tsottles knew and should have known that Plaintiff O'Reilly had no interest in permanently depriving Waste Management of the vehicle, given Defendant Tsottles' previous and repeated contact with Plaintiff O'Reilly, over at least the prior six months. Plaintiff O'Reilly clearly and repeatedly informed Tsottles of Plaintiff O'Reilly's intentions, which explicitly precluded any misunderstanding of the Plaintiff's intent.
23. Defendant Tsottles, in his own voice and hand, also gave testimony that "All of this was caught on video". This alleged video has never surfaced.
24. The video, if it exists, would clearly show that Plaintiff O'Reilly in no way ever attempted to permanently deprive Waste Management of its vehicle. If Defendant Tsottles saw the video, he would have known the inherent falsity of his statements prior to making them. If Defendant Tsottles did *not* see the video, he falsely and negligently accused Plaintiff O'Reilly of moral turpitude based entirely upon hearsay.
25. In fact, no proof or evidence has ever been offered by the Defendants, nor any other entity, to substantiate or even attempt to defend the unsubstantiated and outrageous claims made by Defendant Tsottles.
26. Therefore Defendant Waste Management with, by, or through Defendant Tsottles, with reckless disregard for its truth, or with actual knowledge of its falsity, did maliciously and intentionally defame Plaintiff O'Reilly through false and misleading statements both written and verbal.
27. Defendants' acts were willful, malicious, deliberate, or were done with reckless indifference to the likelihood that such behavior would cause severe emotional distress and with utter disregard for the severe, worldwide, and lifelong consequences of such actions.

## IV. CAUSE OF ACTION

***COMMON LAW DEFAMATION "Per Se"***

28. Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as if fully set forth herein.
29. The Defendants, through the voice and hand of Defendant Tsottles, acting on his own behalf and in support and furtherance of the business of all of the Defendants, have defamed the Plaintiff by knowingly, intentionally, willfully, and/or negligently providing testimony about the Plaintiff which they knew or should have known to be false.
30. The Defendants made false statements that are Defamation Per Se, alleging criminal activity and moral turpitude by the Plaintiff, which they knew or should have known to be false.

31. The Defendants knew that their testimony about the Plaintiff could and/or would cause severe damage to the reputation, business opportunities, social relationships, and career of the Plaintiff.
32. The Defendants made defamatory statements, which in Maryland are ones 'which tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, that person.' Offen v. Brenner, 402 Md. 191, 935 A.2d 719 (2007), quoting Smith v. Danielczyk, 400 Md. 98, 115, 928 A.2d 795, 805 (2007).
33. A statement is also per se defamatory if the statement alleges immorality or moral turpitude against the defamed.
34. For Defamation Per Se, actual malice need not be shown because damages are presumed.
35. Statements are "defamatory per se," recognized under Maryland law when statements are so powerful in their ability to hurt someone that the State presumes them harmful as a matter of law; such that a court will allow damages to be awarded in these cases even if no evidence of harm has been presented.
36. As Libel Per Se, Defendant Tsottles' handwritten testimony about Plaintiff's actions is self-evident and defamatory.

## V. DAMAGES

37. As a direct and proximate result of the intentional, willful, malicious or negligent actions of Defendants, Plaintiff O'Reilly demands judgment be entered against Defendants each and every one of them, jointly and severally, including an award of compensatory and actual damages in an amount to be determined at trial, as pled below, punitive damages, reasonable attorneys fees, pre-judgment interest, post-interest and costs, and such other relief as the Court may deem just and proper.
38. As a result of Defendants' actions, Plaintiff O'Reilly suffered significant personal harm, including to his business and professional endeavors and prospects, career, and finances.
39. Defendants' conduct was unreasonable and outrageous and exceeds the bounds tolerated by decent society, and was done willfully, maliciously and deliberately, or with reckless indifference or negligence, to cause Plaintiff severe mental and emotional pain, distress, and anguish and loss of enjoyment of life, so as to also justify the award of punitive and exemplary damages.

## VI. PRAYER FOR RELIEF

With regard to all counts, Plaintiff demands that judgment be entered against Defendants, each and every, acting in concert, jointly and severally, including an award of compensatory and actual damages in an amount to be determined at trial, as pled below, punitive damages, reasonable attorneys fees, pre-judgment interest, post-interest and costs, and such other relief as the Court may deem just and proper. The Plaintiff respectfully requests a minimum of 25 million U.S. Dollars ($25,000,000.00) for compensatory and actual damages resulting from the reputational and professional injury to Plaintiff, as well as equitable relief as may be appropriate.

Plaintiff further prays for an award of punitive damages in an amount of 25 million U.S. Dollars ($25,000,000.00), to punish Defendants for their outrageous, deceitful, unprecedented, vicious and malicious conduct toward Plaintiff. The Plaintiff prays that such punitive damages will deter Defendants from committing such egregious acts in the future against Plaintiff O'Reilly and others similarly situated.

## VII. JURY DEMAND

Plaintiff respectfully demands a jury trial on all issues so triable.

Dated: 27 November, 2018

Respectfully submitted,

Matthew O'Reilly, Pro Se