IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| MATTHEW O'REILLY | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-18-3622 |
| ADAM TSOTTLES, et al. | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OF LAW IN SUPPORT OF WASTE MANAGEMENT, INC. AND ADAM TSOTTLES'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants Waste Management, Inc. ("WMI") and Adam Tsottles ("Tsottles") (collectively, "Defendants"), by and through their undersigned counsel, hereby file this Memorandum of Law in Support of their Motion to Dismiss the Amended Complaint filed by Plaintiff Matthew O'Reilly (the "Motion").

## I.    INTRODUCTION

This litigation arises out of an incident between Plaintiff and two Waste Management of Maryland, Inc. employees—Mr. Roy Palmer and Mr. Henry Prioleau—for which Plaintiff was subsequently criminally charged. The incident arose in connection with Mr. Palmer, a driver of a collection truck, and Mr. Prioleau's, a waste management professional, performance of a public service, the collection and pick-up of municipal waste in accordance with the regulations of the City of Baltimore. Plaintiff apparently became so irrationally angry that Waste Management of Maryland, Inc. collected trash before 10 a.m., as it was hired to do by Baltimore City and consistent with the Baltimore City Code, that he instigated an altercation with Mr. Roy and Mr. Prioleau, and assaulted Mr. Prioleau. After this incident Tsottles, a Senior Route Manager for

Waste Management of Maryland, Inc., filed charges against Plaintiff with the Baltimore City Police Department.  Indeed, a District Court commissioner issued a charging document and charged Plaintiff with second-degree assault, malicious destruction of property, and attempted theft.  Tellingly, Plaintiff accepted an Alford plea to the charge of second-degree assault of Mr. Prioleau.[1]

However, rather than accepting the fact that he agreed to an Alford plea for second-degree assault, Plaintiff has vindictively and without legal or factual justification brought a frivolous suit against Defendants for that same incident claiming that Defendants made a defamatory statement when filing charges with the Baltimore City Police Department.  This bad faith lawsuit should be dismissed with prejudice, and costs and attorney's fees should be awarded to the Defendants as a result of the harassment being perpetrated by Plaintiff.

Perhaps realizing that his single defamation *per se* count was barred by Maryland's one-year statute of limitations, Plaintiff amended his complaint and has attempted to assert a litany of fatally flawed and invented causes of actions.  In short, Plaintiff has failed to state a claim upon which relief can be granted because:  (a) Plaintiff's claims are barred by the applicable statute of limitations; (b) certain "causes of action" asserted by Plaintiff are not independent causes of action in Maryland;  (c) Plaintiff has failed to plead sufficient factual allegations to satisfy the pleading standard with respect to each claim; (d) Plaintiff has failed to file suit against the proper corporate entity since Defendant WMI is not a proper party; and (e) Plaintiff has failed to effect proper service of process on Tsottles.  For these reasons, Plaintiff's Complaint must be dismissed with prejudice.

---

[1] *See State v. Matthew Patrick O'Reilly*, Criminal Case No. 6-B-02363577, District Court for Baltimore City, attached hereto as **Exhibit 1**; *State v. Matthew Patrick O'Reilly*, Criminal Case No. 817333005, Circuit Court for Baltimore City, attached hereto as **Exhibit 2**.

## II.    PROCEDURAL HISTORY

Plaintiff filed a complaint on November 27, 2018 (the "Complaint").  ECF No. 1.  On December 17, 2018, the Court issued an Order requiring Plaintiff to file an affidavit demonstrating that Defendants had been served.  ECF No. 2.  Plaintiff mailed a waiver of service form to Tsottles along with a copy of the Compliant and summons.  Recognizing that Plaintiff had not complied with the December 17 Order, on March 7, 2019, the Court issued an Order to Show Cause why Plaintiff had not effected service of process on Defendants.  ECF No. 5.  On April 1, 2019, the Court granted Plaintiff's request to extend time to effect service on Defendants.  ECF No. 9.  Plaintiff again sent a waiver of service form to Tsottles again via certified, restricted delivery mail, which Tsottles received on April 4, 2019.  On April 8, 2019, the registered agent of WMI received a copy of the summons and Complaint.

On April 29, 2019, Defendants filed a Motion to Dismiss the Complaint.  ECF No. 14.  Subsequent to filing their Motion to Dismiss, Defendants learned that earlier that same day, the Court docketed the Amended Complaint filed by Plaintiff on April 26, 2019 (the "Amended Complaint").  ECF No. 12.  On April 26, 2019, Plaintiff sent a copy of the Amended Complaint to Tsottles and WMI via certified, restricted delivery mail.  On April 30, 2019, the registered agent of WMI received a copy of the Amended Complaint.

Despite the fact that this case has been pending for over five months and the Court extended Plaintiff's time to effect service for another twenty-eight days,  Plaintiff has failed to properly serve Tsottles.

III.    **FACTUAL ALLEGATIONS IN THE COMPLAINT, AMENDED COMPLAINT AND PUBLIC RECORD**

A.    **Factual Allegations in the Complaint[2]**

The sum and substance of Plaintiff's allegations against Defendants are as follows:

> On or about 17 October 2017, Defendant Adam Tsottles, acting in his agency as an employee of Defendant Waste Management, Inc., and despite knowing or being negligent in not knowing the falsity of the claim, made a defamatory, malicious, egregiously and demonstrably false statement, orally and in his own writing, to the public record as part of a Criminal Information, that Plaintiff O'Reilly "attempted to steal" a vehicle belonging to Defendant Waste Management, Inc., and thus harmed the Plaintiff per se.

*See* Compl. § III Statement of Claim.

B.    **The October 16, 2017 Incident: Information of Public Record[3]**

Plaintiff claims primarily arise out of an October 16, 2017 incident that occurred between Plaintiff and two employees of Waste Management of Maryland, Inc.[4]  Although Plaintiff references a "Criminal Information," Defendants believe that Plaintiff is referring to the Application for Statement of Charges that Tsottles filed against Plaintiff the next day, October 17, 2017—an application that ultimately led to Plaintiff being charged with second-degree

---

[2] Although this is not the convention, Plaintiff incorporates the allegations contained in the Complaint into the Amended Complaint. *See* Am. Compl. ¶ 18.  Certain allegations contained in Plaintiff's Amended Complaint are included in the Argument Section, *supra*, as those allegations relate to the relevant claims.

[3] As this Court affirmed earlier this year, "courts may take judicial notice of publicly available records without converting a motion to dismiss to a motion for summary judgment." *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 503 (D. Md. 2019).

[4] Plaintiff incorrectly alleges that Tsottles was "acting in his agency as an employee of Defendant Waste Management, Inc." *See* Compl. § III Statement of Claim.  Tsottles is an employee of Waste Management of Maryland, Inc., which is an entity registered to conduct business in the State of Maryland. *See* Affidavit of Courtney Tippy, attached hereto as **Exhibit 3** (hereinafter "Tippy Aff."), ¶¶ 12, 15; *see also* Maryland State Dep't of Taxation and Assessment, BUSINESS ENTITY SEARCH, https://egov.maryland.gov/BusinessExpress /EntitySearch. **Tsottles is not an employee of WMI**. Tippy Aff. ¶ 11.

assault, malicious destruction of property, and attempted theft, as well as accepting an Alford plea and receiving a probation before judgment for the second-degree assault charge.[5]

Four months after the October 16, 2017 incident and the day before Plaintiff accepted an Alford plea to the charge of second-degree assault of Henry Prioleau, on February 26, 2018, Plaintiff filed an application for charges against Mr. Roy Palmer, the driver of the Waste Management of Maryland, Inc. collection truck, for the same October 16, 2017 incident.  *See State v. Roy J. Palmer*, Criminal Case No. 0-B-02304267, District Court for Baltimore City, attached hereto as **Exhibit 5**.  **This charge was dismissed against Mr. Palmer**.  *See id.*

## IV.    STANDARD OF REVIEW

### A.    Motion to Dismiss under Fed. R. Civ. P. 12(b)(2)

"When a court's personal jurisdiction is properly challenged by motion under Federal Rule of Civil Procedure 12(b)(2), the jurisdictional question thereby raised is one for the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence."  *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989) (other citations omitted).

### B.    Motion to Dismiss under Fed. R. Civ. P. 12(b)(5)

A defendant may move to dismiss an action for insufficient service of process under Federal Rule 12(b)(5).  Once a defendant contests the validity of service of process, "the plaintiff 'must bear the burden of establishing its validity'" pursuant to Federal Rule 4.  *Norlock v. City of*

---

[5] *See* Ex. 1; Ex. 2.

Additionally, Tsottles filed a civil action against Plaintiff to recover for O'Reilly's destruction of property owned by Waste Management of Maryland, Inc. that occurred during the October 16, 2017 incident.  *See Adam Isottles v. Matthew Patrick O'Reilly*, 24-C-18001599, Circuit Court for Baltimore City, attached hereto as **Exhibit 4**.  (The docket incorrectly states Plaintiff's name as Adam Isottles.  The correct spelling of his last name is Tsottles.).  A monetary judgment in the amount of $54.00 was entered against O'Reilly in the civil case on March 23, 2018.

*Garland*, 768 F.2d 654, 656 (5th Cir. 1985) (quoting *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)).

### C.      Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint, *see Stanley v. Cent. Garden & Pet Corp.*, 891 F. Supp. 2d 757, 762 (D. Md. 2012), and "to ensure that defendants are 'given adequate notice of the nature of a claim' made against them." *Brennan*, 361 F. Supp. 3d at 502-03 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555-56 (2007)). "To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead facts sufficient to 'state a claim to relief that is plausible on its face.'" *Nix v. NASA Fed. Credit Union*, 200 F. Supp. 3d 578, 586 (D. Md. 2016) (quoting *Twombly*, 550 U.S. at 570). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Although a court will accept factual allegations as true, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.*

In resolving a motion to dismiss, a court may "take judicial notice of matters of public record. *Brennan*, 361 F. Supp. 3d at 501 (citing *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). Further, "courts may take judicial notice of publicly available records without converting a motion to dismiss to a motion for summary judgment." *Id.* at 503.

"[I]n the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Id.* at 501 (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc)) (other citations omitted). "However, because Rule 12(b)(6) is intended [only] to test the legal adequacy of the complaint, [t]his principle only applies . . . if all facts necessary

to the affirmative defense clearly appear[ ] on the face of the complaint." *Id.* (internal citation and quotations omitted).

## V.    ARGUMENT

Plaintiff's Amended Complaint must be dismissed on the grounds that it (a) fails to state a claim upon which relief can be granted, (b) is barred by the applicable statute of limitations, pleads "claims" that are not civil causes of action in Maryland, and (c) fails to state sufficient facts in support of the remaining claims.   In addition, the Amended Complaint names an improper party, and the Plaintiff has failed to properly serve any pleading on Tsottles.

### A.    Plaintiff has failed to State Claims for Defamation *Per Se*, Civil Conspiracy to Defame, and Assault.

The Amended Complaint must be dismissed because it was filed more than one year after the incident mentioned in Plaintiff's Amended Complaint and consists of bald allegations without sufficient facts to establish a claim for defamation *per se*.

### 1.    Maryland's One-Year Statute of Limitations Bars Plaintiff's Defamation *Per Se*, Civil Conspiracy to Defame, and Assault Claims.

In Maryland, the statute of limitations for "[a]n action for assault, libel, or slander shall be filed within one year from the date it accrues."  Md. Code, Cts. & Jud. Proc. Art., § 5-105. "Maryland imposes a one-year statute of limitations on claims for defamation." *Long v. Welch & Rushe, Inc.*, 28 F. Supp. 3d 446, 456 (D. Md. 2014) (citing Md. Code, Cts. & Jud. Proc. Art., § 5-105).   "The limitations period begins to run on the date the statements are improperly communicated."   *Id.* (citing *Bagwell v. Peninsula Reg'l Med. Ctr.*, 106 Md. App. 470, 508 (1995)).  Additionally, "[c]ivil conspiracy claims, moreover, share a statute of limitations with the underlying tort."  *Prince George's County v. Longtin*, 419 Md. 450, 480 (2011).  Therefore, the statute of limitations for civil conspiracy to defame is one year.  *See Long*, 28 F. Supp. 3d at 456.  Lastly, "tort liability for aiding and abetting can only exist where someone has committed

the actual tort." *Alleco, Inc. v. Harry & Jeanette Weinberg Foundation, Inc.*, 340 Md. 176, 201 (1995).

In the Amended Complaint, Plaintiff alleged the assault occurred on October 16, 2017 and the defamatory statement was made on October 17, 2017. *See* Am. Compl. ¶¶ 73-82, 94. Plaintiff filed the Complaint on November 27, 2018, which is over a year after Plaintiff alleges the incident occurred. Accordingly, Plaintiff's defamation *per se*, civil conspiracy to defame, and assault claims are barred by the statute of limitation. Because Plaintiff's defamation *per se* claim is barred, Plaintiff will not be able to establish the requisite elements for aiding and abetting Defamation. Therefore, the Court must dismiss those claims against WMI and Tsottles with prejudice.

## 2. Plaintiff Fails to Plead Sufficient Facts In Support a Defamation *Per Se* Claim.

Plaintiff's Amended Complaint contains threadbare allegations and a vague reference to defamation *per se*. The factual allegations in Plaintiff's Amended Complaint are fatally deficient, such that neither WMI nor Tsottles have "adequate notice of the nature of [the] claim against them." *See Brennan*, 361 F. Supp. 3d at 502-03 (quoting *Twombly*, 550 U.S. at 555-56).

Defamation *per se* requires allegations: "(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." *Norman v. Borison*, 418 Md. 630, 645 (2011) (quoting *Offen v. Brenner*, 402 Md. 191, 198–99 (2007) (internal quotation marks and citations omitted)).

Absent from Plaintiff's statement of claim is any fact indicating why Tsottles statements are "maliciously, egregiously and demonstrably false" or how Plaintiff suffered harm or damage different or in addition to the damage caused by Plaintiff's own conduct. Although Plaintiff

alleges that Tsottles made a written statement that Plaintiff "attempted to steal" a vehicle, Plaintiff states only a bald, conclusory allegation that the statement was "malicious, egregiously and demonstrably" false without providing any facts to demonstrate why this statement was false and was not Tsottles's genuinely held belief based on the information available to him at the time he filed the Application for Statement of Charges. Moreover, Plaintiff does not provide any factual allegations in the Amended Complaint explaining how he has suffered any harm or damages from the alleged statement—this is particularly pertinent when Plaintiff accepted an Alford plea on the second-degree assault charges stemming from the October 16, 2017 incident underlying his claim. Therefore, the Court must dismiss Plaintiff's defamation *per se* claim.

> **B.    There is No Private Right of Action to Enforce Alleged Violations of the Section 22-602 of the Maryland Transportation Article or Section 7-221 of the Baltimore City Health Code.**
>
> > **1.    Section 22-602 of the Maryland Transportation Article and related Regulations.**

Plaintiff alleges that Defendants violated Section 22-602 of the Transportation Article of the Maryland Code and Title 11.14.07 of the Code of Maryland Regulations ("COMAR"). *See* Am. Compl. ¶¶ 84-85. Neither the Maryland Code nor COMAR provide for a private right of action for any alleged violations of Section 22-602 of the Transportation Article or COMAR 11.14.07. Accordingly, Plaintiff fails to state a claim upon which relief can be granted and the Court must dismiss this cause of action.

> > **2.    Section 7-221 of the Baltimore City Health Code**

Plaintiff alleges that Defendants violated Section 7-221 of the Baltimore City Health Code. *See* Am. Compl. ¶ 87. This Subtitle does not contain a private right of action. This section provides that "no hauler or any other person may collect solid waste in the City at any time before 7 a.m. or after 11 p.m. on any day, weekends and legal holidays included." Balt.

Health Code § 7-221.  Under Subtitle 7, only the commissioner can issue a violation notice, and, if the violations persist, may suspend or revoke the hauler's license through an administrative hearing process.  Balt. Health Code § 7-214(a) (notice of violation); § 7-214(c); § 7-229 (enforcement by citation).   Plaintiff again fails to state a claim upon which relief can be granted and the Court must dismiss this cause of action.

### C.    Maryland does not Recognize A Cause of Action for Negligent Infliction of Emotional Distress.

Plaintiff has alleged negligent infliction of emotional distress against Defendants.  *See* Am. Compl. ¶¶ 91-93.  Maryland does not recognize a cause of action for negligent infliction of emotional distress.  *See Bagwell v. Peninsula Reg'l Med. Ctr.*, 106 Md. App. 470, 517 (1995).  Accordingly, Plaintiff's claim for negligent infliction of emotional distress must be dismissed with prejudice.

### D.    There is No Independent Cause of Action for Spoliation in Maryland.

Plaintiff alleges spoliation of evidence, civil conspiracy to despoil evidence, and aiding and abetting the spoliation of evidence.  *See* Am. Compl. ¶¶ 114-116.  In Maryland, there is no independent cause of action for spoliation.  *Goin v. Shoppers Food Warehouse Corp.*, 166 Md. App. 611, 619 (2006).  Additionally, "tort liability for aiding and abetting can only exist where someone has committed the actual tort."  *See Alleco*, 340 Md. at 201.  Similarly, civil conspiracy "'is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff.'"  *Id.* at 189 (quoting *Alexander v. Evander*, 336 Md. 635, 645 n.8 (1994)).   Accordingly, the Court must dismiss the spoliation of evidence, civil conspiracy to despoil evidence and aiding and abetting the spoliation of evidence claims.

### E.    There is no Cause of Action for Obstruction of Justice.

Plaintiff alleges obstruction of justice, civil conspiracy to obstruct justice, and aiding and

abetting the obstruction of justice against Defendants.  *See* Am. Compl. ¶¶ 105-107.  Although obstruction of justice is a crime under Section 9-306 of the Criminal Law Article of the Maryland Code, there is no civil cause of action for obstruction of justice.  Additionally, "tort liability for aiding and abetting can only exist where someone has committed the actual tort." *Alleco*, 340 Md. at 201.   Similarly, civil conspiracy "'is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff.'"  *Id.* at 189 (quoting *Alexander*, 336 Md. at 645 n.8).  Plaintiff has failed to state a claim upon which relief can be granted and, therefore, the Court must dismiss the obstruction of justice, civil conspiracy to obstruct justice, and aiding and abetting the obstruction of justice "claims" against WMI and Tsottles.

F.    **There is No Due Process Cause of Action Against Private Actors.**

Plaintiff alleges that Defendants deprived Plaintiff of due process because Defendants did not provide Plaintiff with a copy of the DriveCam video of the October 16, 2017 incident.  *See* Am. Compl. ¶¶ 111-113.  Essentially, this claim must be dismissed as an alternative articulation of spoliation.  To the extent Plaintiff attempts to allege due process concerns with prior civil litigation and the criminal prosecution against him, such concerns should have been raised through appealing those decisions.  This present litigation is not the appropriate avenue to raise those alleged issues.

Plaintiff has not plead a cognizable cause of action against WMI and Tsottles.  Plaintiff has failed to state a claim upon which relief can be granted and, therefore, the Court must dismiss the deprivation of due process, civil conspiracy for deprivation of due process, and aiding and abetting the deprivation of due process "claims" against WMI and Tsottles.

G.    **Plaintiff Failed to State a Claim for Violation of the Baltimore City Health Code § 9-206.**

Plaintiff alleges that "on at least 150 distinct occasions in 2017, Defendants Baltimore City Health Code . . . § 9-206[] causing undue, unnecessary, and avoidable harm to Plaintiff[.]" *See* Am. Compl. ¶¶ 84-88.  Plaintiff alleges no other factual allegations related to this claim.

Section 9-206 of the Baltimore City Health Code provides the maximum permissible sound levels by zoning district.  In order to bring a private action under Subtitle 9, a complainant must give notice to the commissioner.  Balt. Health Code § 9-214.  An action may not be brought "(i) before 60 days after the complainant has given notice of the violation to the Commissioner and to the alleged violator; or (ii) while the Commissioner is diligently prosecuting a civil action to require the alleged violator to comply with this subtitle."  *Id.*

Plaintiff has failed to allege the required condition precedent for bringing a private right of action because Plaintiff has failed to allege that he notified both Defendants and the Commissioner of each of the 150 alleged violations.   Additionally, Plaintiff's Amended Complaint fails to include any factual allegations with respect to how Defendants were in violation of Section 9-206.  Accordingly, Plaintiff fails to state a claim upon which relief can be granted and the Court must dismiss this claim.

**H.**     **The Battery Claims must be Dismissed Because WMI and Tsottles are not the Proper Party to the Battery Claim and Negligent Battery is Not a Cause of Action.**

Plaintiff alleges battery and negligent battery against Defendants arising out of the October 16, 2017 incident.  *See* Am. Compl. ¶¶ 96-97.

In Maryland, battery is "a harmful or offensive contact with a person resulting from an act intended to cause the person such contact."  *Hendrix v. Burns*, 205 Md. App. 1, 19-20 (2012) (citation and quotations omitted).  "It is universally understood that some form of intent is required for battery."  *Id.* at 20 (citation and quotations omitted).  Thus, negligent battery is not a cause of action.

Second, Plaintiff's battery claims are predicated on the incident that occurred on October 16, 2017 between Plaintiff and Roy Palmer.  The battery cause of action is not properly against WMI or Tsottles, and Roy Palmer is not a defendant in this litigation.  Additionally, on February 26, 2018, Plaintiff filed an application for charges against Roy Palmer.  *See* Ex. 5.  This charge was dismissed against Mr. Palmer.  *See id.*   Accordingly, the Court must dismiss the battery cause of action against Defendants with prejudice.

### I.    Plaintiff Fails to Plead Sufficient Facts to Support a Promissory Estoppel Claim.

Plaintiff alleges that on or around September 2017, "Defendants made a direct promise to Plaintiff that they would not perform waste removal services on the 3200 block of N. Lovegrove St. in Baltimore prior to 10:00 [a.m.] on any day from that day forth."   Am. Compl. ¶ 89; *see also* Am. Compl. ¶ 30-31.

In Maryland, to plead promissory estoppel, a plaintiff must allege that:

(1) a clear and definite promise;

(2) where the promisor has a reasonable expectation that the offer will induce action or forbearance on the part of the promisee;

(3) which does induce actual and reasonable action or forbearance by the promisee; and

(4) causes a detriment which can only be avoided by the enforcement of the promise.

*Pavel Enterprises, Inc. v. A.S. Johnson Co.*, 342 Md. 143, 166 (1996).

Plaintiff cannot plead all requisite elements to sustain a promissory estoppel claim.   *See* Am. Compl. ¶ 31.  Plaintiff has neither plead that Defendants "reasonably expected" the alleged promise would induce forbearance by Plaintiff nor that the "promise induced actual and reasonable forbearance" by Plaintiff.   *See Pavel*, 342 Md. at 166.  While Plaintiff alleges he informed Tsottles "that Plaintiff would initiate legal action against Defendants," *see* Am. Compl.

¶ 29, the Health Code of Baltimore City permits haulers to collect waste between the hours of 7 a.m. and 11 p.m., *see* Balt. Health Code § 7-221, and there is no private right of action under Subtitle 7 of the Baltimore Health Code. Additionally, Plaintiff admits that "[he] did not inform Defendants of [that Plaintiff ceased to bring a civil action and civic complaints against Defendants]." Lastly, Plaintiff failed to plead how he relied to his detriment. Tsottles' alleged promise did not prevent Plaintiff from filing a civil action or civic complaints against Defendants—this lawsuit is evidence of that. Accordingly, the Court must dismiss the promissory estoppel claim against WMI and Tsottles.

> **J.    Plaintiff Fails to Plead Sufficient Facts to Support Intentional Infliction of Emotional Distress, Civil Conspiracy to Inflict Emotional Distress, and Aiding and Abetting the Infliction of Emotional Distress Claims.**

Plaintiff's Amended Complaint contains bare allegations that his "mental health and emotional well-being" was "purposely severely harm[ed]" by the routine trash removal services that employees of Waste Management of Maryland, Inc. was retained by Baltimore City to perform. *See* Am. Compl. ¶¶ 90, 92-93.

The tort of intentional infliction of emotional distress "is rarely viable and is to be used sparingly." *Bagwell*, 106 Md. App. at 514 (internal quotations omitted). The elements of intentional infliction of emotional distress are "(1) the conduct must be intentional and reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe." *Lasater v. Guttmann*, 194 Md. App. 431, 448 (2010). The second element—extreme and outrageous conduct—must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Lasater*, 194 Md. App. at 567. Additionally, "tort liability for aiding and abetting can only exist where someone has committed the actual tort." *Alleco*, 340 Md. at

201.  Similarly, civil conspiracy "'is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff.'"  *Id.* at 189 (quoting *Alexander*, 336 Md. at 645 n.8).

Employees of Waste Management of Maryland, Inc., who are not parties to this litigation, were merely acting in the scope of their employment and in the course of their daily business operations by collecting trash in Baltimore City.  Plaintiff's Amended Complaint fails to plead any facts indicating that Defendants' actions were "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Lasater*, 194 Md. App. at 567.  Additionally, aside from a conclusory statement that Defendants were "severely harming Plaintiff O'Reilly's mental health and emotional well-being, fails to plead that his emotional distress is "severe."  Because Plaintiff failed to plead intentional infliction of emotional distress, Plaintiff also failed to plead claims for civil conspiracy to inflict emotional distress, and aiding and abetting the infliction of emotional distress.  Accordingly, the Court must dismiss Plaintiff's claims for intentional infliction of emotional distress, civil conspiracy to inflict emotional distress, and aiding and abetting the infliction of emotional distress against WMI and Tsottles.

### K.    Plaintiff Fails to Plead Sufficient Facts to Support a Malicious Prosecution, Civil Conspiracy to Prosecute Maliciously, and Aiding and Abetting Malicious Prosecution Claims.

Plaintiff's alleges that Defendants maliciously prosecuted Plaintiff by filing an Application for Statement of Charges against Plaintiff.  *See* Am. Compl. ¶¶ 98-101.

In order to plead a malicious prosecution claim, the plaintiff must establish: "1) a criminal proceeding instituted or continued by the defendant against the plaintiff; 2) without probable cause; 3) with malice, or with a motive other than to bring the offender to justice; and 4) termination of the proceeding in favor of the plaintiff." *Candelero v. Cole*, 152 Md. App. 190,

199 (2003) (quoting *Heron v. Strader*, 361 Md. 258, 264 (2000)). Additionally, "tort liability for aiding and abetting can only exist where someone has committed the actual tort." *Alleco*, 340 Md. at 201. Similarly, civil conspiracy "'is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff.'" *Id.* at 189 (quoting *Alexander*, 336 Md. at 645 n.8).

Here, Plaintiff cannot allege facts to support three of the four elements of a malicious prosecution claim. WMI and Tsottles had good cause to file the Application for Statement of Charges against Plaintiff. This application ultimately led to Plaintiff being charged with second-degree assault, malicious destruction of property, and attempted theft. Plaintiff fails to plead WMI and Tsottles had any improper motive for filing the Application for Statement of Charges against Plaintiff. Lastly, Plaintiff cannot truthfully plead that the case terminated in his favor. Plaintiff completely mischaracterizes the outcome of the criminal prosecution against him. Plaintiff was not "exonerated" by "an official investigation." Am. Compl. ¶¶ 98. Plaintiff accepted an Alford plea and received a probation before judgment for the second-degree assault charge. *See* Ex. 2. Contrary to Plaintiff's allegations, this was not a favorable outcome for Plaintiff. Am. Compl. ¶¶ 99. Additionally, Tsottles filed a civil action against Plaintiff to recover for O'Reilly's destruction of property owned by Waste Management of Maryland, Inc. that occurred during the October 16, 2017 incident. *See* Ex. 3. A monetary judgment in the amount of $54.00 was entered against O'Reilly in the civil case on March 23, 2018. Because Plaintiff has failed to plead a malicious prosecution claim, Plaintiff has also failed to plead the related claims of civil conspiracy to prosecute maliciously and aiding and abetting malicious prosecution. As a result, the Court must dismiss the malicious prosecution and related claims, including civil conspiracy to prosecute maliciously and aiding and abetting malicious

prosecution, against WMI and Tsottles.

    **L.**    **Plaintiff Fails to Plead Sufficient Facts to Support an Abuse of Process, Civil Conspiracy to Abuse Process, and Aiding and Abetting Abuse of Process Claims.**

Plaintiff alleges that "Defendants abused the Maryland Criminal Information process to pervert the court of justice to their own ends, preventing or attempting to prevent Plaintiff O'Reilly from enjoying his constitutional and statutory rights, including right to due process; from benefitting from justice; from seeking relief and redress through the criminal and civil courts for the unconscionable actions of the Defendants; and from being secure in his person." *See* Am. Comp. ¶ 102.

"To sustain an action for abuse of process, the claimant must prove (1) the wilful [sic] use of process for an illegal purpose; (2) an ulterior motive underlying the use of process; and (3) damages resulting from the perverted use of process." *Humphrey v. Herridge*, 103 Md. App. 238, 243, 653 A.2d 491, 493 (1995). The "second element of the tort requires some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process[.]" *Berman v. Karvounis*, 308 Md. 259, 265 (1987) (holding that the plaintiff failed to "allege facts that demonstrate 'a willful [sic] act in the use of process not proper in the regular course of the proceeding") (internal citations and quotations omitted). "When nothing more than carrying out the process to its authorized conclusion has occurred, no cause of action for abuse of process exists." *Humphrey*, 103 Md. App. at 245. Additionally, "tort liability for aiding and abetting can only exist where someone has committed the actual tort." *Alleco*, 340 Md. at 201. Similarly, civil conspiracy "'is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff.'" *Id.* at 189 (quoting *Alexander*, 336 Md. at 645 n.8).

Plaintiff's allegations fall short of pleading abuse of process. Plaintiff's Complaint

contains no factual allegation that Defendants brought the criminal and civil cases against Plaintiff for illegal purposes or that Defendants had an ulterior motive underlying the use of process. As the *Humphrey* Court explained, and as is the case in this instance, "[w]hen nothing more than carrying out the process to its authorized conclusion has occurred, no cause of action for abuse of process exists." 103 Md. App. at 245. Because Plaintiff has failed to plead an abuse of process claim, Plaintiff has also failed to plead the related claims of civil conspiracy to abuse process and aiding and abetting abuse of process. As a result, the Court must dismiss the abuse of process and related claims, including civil conspiracy to abuse process and aiding and abetting abuse of process, against WMI and Tsottles.

**M.    Plaintiff Fails to Plead the Fraud Claims with the Required Level of Specificity.**

Plaintiff alleges that "Defendants . . . willfully, knowingly, recklessly, and/or negligently defrauded the court to the detriment of Plaintiff O'Reilly, in part by swearing false and misleading statements which were known or should have been known to be untrue or misleading, and which were unfairly prejudicial to Plaintiff O'Reilly, or by inaction not correcting or perfecting false and/or misleading statements the Defendants knew or should have known to be false and/or misleading, directly, injuriously, and maliciously depriving Plaintiff O'Reilly of his civil rights." *See* Am. Compl. ¶ 108.

In Maryland, plaintiffs are required to plead fraud claims with particularity. *McCormick v. Medtronic, Inc.*, 219 Md. App. 485, 527 (2014). This pleading requirement means that

> a plaintiff must identify who made what false statement, when, and in what manner (i.e., orally, in writing, etc.); why the statement is false; and why a finder of fact would have reason to conclude that the defendant acted with scienter (i.e., that the defendant either knew that the statement was false or acted with reckless disregard for its truth) and with the intention to persuade others to rely on the false statement.

-18-

*Id.* at 528 (citing *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013)).

Absent from Plaintiff's Amended Complaint is any fact indicating why Tsottles statements are false, "why a finder of fact would have reason to conclude that the defendant acted with scienter," or that Tsottles had the intention for the Baltimore City Police Department and State's Attorney's Office to rely on the alleged false statement. Although Plaintiff alleges that Tsottles made a written statement that Plaintiff "attempted to steal" a vehicle, Plaintiff states only a bald, conclusory allegation that the statement was "false and misleading" without providing any facts to demonstrate why this statement was false and was not Tsottles's genuinely held belief based on the information available to him at the time he filed the Application for Statement of Charges. Plaintiff's allegations are but threadbare recitals that lack factual basis and fail to state a claim upon which relief can be granted. Accordingly, the Court must dismiss the fraud claims against WMI and Tsottles.

### N.    WMI is Not A Proper Party to this Litigation.

WMI is not a proper party to this litigation, and this Court has neither general nor specific personal jurisdiction over WMI. "General jurisdiction arises from a defendant's continuous and systematic contacts in the forum state. . . . On the other hand, specific jurisdiction arises when there is an 'affiliation between the forum and the underlying controversy." *Under Armour, Inc. v. Battle Fashions, Inc.*, 294 F. Supp. 3d 428, 433 (D. Md. 2018). "For a non-resident defendant, 'due process requires only that . . . a defendant . . . have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "A 'minimum contacts' determination rests on the number and relationship of a defendant's contacts to the forum state, as well as whether the present cause of action stems from the defendant's alleged acts or omissions in the forum state." *Id.*

WMI is a Delaware corporation that is not registered to conduct any business in Maryland. Tippy Aff. ¶¶ 3, 7. WMI lacks minimum contacts with the State of Maryland to be subject to its jurisdiction. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). As Plaintiff could have known through reasonable due diligence, Tsottles is an employee of Waste Management of Maryland, Inc., which is the entity registered to conduct business in the State of Maryland. Tippy Aff. ¶ 12. The two employees—Mr. Roy and Mr. Prioleau—present during the October 16, 2017 incident are employees of Waste Management of Maryland, Inc., not WMI. Tippy Aff. ¶ 12. Because WMI has no connection to this case whatsoever, the Court must dismiss the Amended Complaint against WMI.

### O.    Plaintiff Failed to Properly Serve Tsottles.

Plaintiff filed the Complaint on November 27, 2018. Despite the case pending for over five months and the Court's April 1 Order extending Plaintiff's time to serve for another twenty-eight days, to date, Plaintiff has failed to properly serve Tsottles as required by Federal Rule 4(c) in the manner prescribed by the Federal Rules. Pursuant to Federal Rule 4(c)(2) "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Federal Rule 4(e)(2) provides that an individual defendant may be served by: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Plaintiff, on multiple occasions, has mailed a copy of the Complaint and Summons to Tsottles's place of employment. In Plaintiff's last attempt, Plaintiff mailed the Complaint by certified mail with restricted delivery to Tsottles at his place of employment on April 2, 2019. This was not a proper service because it is not one of the prescribed methods of service of

process on an individual defendant under Federal Rule 4(e).  Without properly serving Tsottles with the Complaint, Plaintiff then attempted to serve the Amended Complaint by mailing the Amended Complaint by certified mail with restricted delivery to Tsottles at his place of employment on April 26, 2019.  This was not a proper service because it is not one of the prescribed methods of service of process on an individual defendant under Federal Rule 4(e).  Accordingly, the Court should dismiss Plaintiff's Amended Complaint against Tsottles.

## VI.    CONCLUSION

For all of the foregoing reasons, Defendants Waste Management, Inc. and Adam Tsottles move this Honorable Court for an Order dismissing the Amended Complaint in its entirety with prejudice, and awarding costs and attorney's fees to Defendants because of the frivolous nature of Plaintiff's vindictive and unwarranted lawsuit.

Respectfully submitted,

Dated:  May 13, 2019                    /s/ Jillian K. Walton
                                        Jillian K. Walton, Bar No. 20144
                                        SAUL EWING ARNSTEIN & LEHR LLP
                                        500 E. Pratt Street, Suite 800
                                        Baltimore, Maryland 21202
                                        (p) 410-332-8908
                                        (f) 410-332-8181
                                        jillian.walton@saul.com
                                        *Counsel for Defendants Waste Management, Inc. and Adam Tsottles*