**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | | |
|---|---|---|
| MATTHEW O'REILLY | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-18-3622 |
| ADAM TSOTTLES, et al. | * | |
| Defendants. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**DEFENDANTS WASTE MANAGEMENT, INC. AND ADAM TSOTTLES'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR
MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendants Waste Management, Inc. ("WMI") and Adam Tsottles ("Tsottles") (collectively, "Defendants"), by and through their undersigned counsel, hereby file this Reply Memorandum of Law In Further Support of Their Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss").[1,2]

## I.    INTRODUCTION

This litigation arises out of an incident on October 16, 2017 between Plaintiff and two Waste Management of Maryland, Inc. employees—Mr. Roy Palmer and Mr. Henry Prioleau—

---

[1] As an initial matter, Defendants believe Plaintiff's filing titled Plaintiff's Amended Motion to Oppose Defendants' Amended Motion to Dismiss (ECF No. 31) is Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 17). Upon the filing of this Reply Memorandum in Further Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Defendants' Motion to Dismiss Plaintiff's Amended Complaint is fully briefed.

[2] Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint was not timely. Defendants filed their Motion on May 13, 2019. On May 14, 2019, the Court notified Plaintiff that his opposition to Defendants' Motion was due on May 28, 2019. (ECF No. 18.) Plaintiff filed the Opposition to Defendants' Motion on June 7, 2019.

for which Plaintiff was subsequently criminally charged.[3]  Plaintiff accepted an Alford plea to the charge of second-degree assault of Mr. Prioleau.  However, rather than accepting the fact that he agreed to an Alford plea for second-degree assault, Plaintiff, without legal or factual justification, filed this frivolous suit against Defendants for that same incident claiming that Defendants made a defamatory statement, among other claims, when filing charges with the District Court commissioner on October 17, 2017.  Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint on May 13, 2019 ("Defendants' Motion to Dismiss").  Plaintiff's Opposition fails to set forth any legal argument as to why all claims should not be dismissed. This bad faith lawsuit should be dismissed with prejudice, and costs and attorney's fees should be awarded to the Defendants as a result of the harassment being perpetrated by Plaintiff.

II.    RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS

Plaintiff asserts that Defendants' Motion to Dismiss contains factual errors and in doing so Plaintiff makes a number of inaccurate statements that go beyond the allegations in the Amended Complaint.  Pl. Opp. at 3-8.  Defendants respond to correct certain factual errors.  For other alleged factual errors, Defendants generally disagree with Plaintiff's characterization of the facts.

A.  Response to Paragraph 11[4]

While subsidiaries of Waste Management Holdings, Inc. are engaged in providing waste

---

[3] *See* Cell Phone Video of October 16, 2017 Incident, attached hereto as **Exhibit A**; *see also* Affidavit of Adam Tsottles, attached hereto as **Exhibit B**.  Defendants filed a Motion for Leave to File Exhibit Conventionally on June 20, 2019.

[4] Paragraph 11 provides: "Defendants untruthfully and misleadingly state that Waste Management was doing "as it was hired to do by Baltimore City and consistent with the Baltimore City Code."  The waste collection at the alley at N. Lovegrove was via private contract with the commercial tenants of 9E33rd and was neither engaged by nor paid for by the City of Baltimore, and was, as Plaintiff O'Reilly can prove, not even arguably within the bounds of the Health Code of the City of Baltimore.

collection, transfer and disposal services, and recycling and resource recovery for government clients, in this instance Waste Management of Maryland, Inc. had a commercial contract to provide such services with the apartment complex.

### B.  Response to Paragraph 13[5]

Upon information and belief, Tsottles did not "[give] sworn testimony in the Baltimore City District Court, in an extra-judicial setting."  On October 17, 2017, Tsottles filed an Application for Statement of Charges against Plaintiff with the District Court commissioner. This application led to Plaintiff being charged with second-degree assault, malicious destruction of property, and attempted theft.

### C.  Response to Paragraph 14[6]

After the October 16, 2017 incident, Tsottles, a Senior Route Manager for Waste Management of Maryland, Inc., filed charges against Plaintiff with the District Court commissioner.  The District Court commissioner issued a charging document and charged Plaintiff with second-degree assault, malicious destruction of property, and attempted theft. Thereafter, the State's Attorney's Office met with Tsottles and decided to prosecute Plaintiff on those three charges.

---

[5] Paragraph 13 provides: "Defendants, in their *Memorandum* (at 2¶2), erroneously state that Plaintiff O'Reilly claims that they made their defamatory statements "when filing charges with the Baltimore City Police Department."  This is not what Plaintiff O'Reilly claims, not is it an accurate representation of the facts.  The truth of the matter, as Plaintiff O'Reilly has and does claim, is that Defendant Tsottles gave sworn testimony in the Baltimore City District Court, in an extra-judicial setting, that *inter alia*, Plaintiff O'Reilly "attempted to steal the vehicle. . . ."

[6] Paragraph 14 provides: "Defendants also contra-factually claim that Defendant Tsottles "filed charges against Plaintiff with the Baltimore City Police Department *Memorandum* (at 2¶1).  This again is a fictitious, and important, as Defendant Tsottles' fallacious and defamatory statement was in fact sworn before a commission in the District Court of Baltimore on Wabash Avenue on the 17th of October, the very same commissioner who then issued the charging document based solely on Defendant Tsottles' statement."

### D.  Response to Paragraph 17[7]

Plaintiff incorrectly asserts that "an Alford plea is a plea of innocence, not of guilt[.]"  Pl. Opp. at 6.  "An Alford plea is a 'specialized type of guilty plea where the defendant, although pleading guilty, continues to deny his or her guilt, but enters the plea to avoid the threat of greater punishment.'"  *Abrams v. State*, 176 Md. App. 600, 603 n.1 (2007) (quoting *Ward v. State*, 83 Md. App. 474, 478 (1990)). The Court of Special Appeals of Maryland "held that an Alford plea was the functional equivalent of a guilty plea."  *Id.* (citing *Ward*, 83 Md. App. at 480).

### E.  Response to Paragraph 23[8]

In Defendants' Motion to Dismiss, Defendants attached, as Exhibit 4, the Maryland Judiciary Case Search docket for *Adam Isottles v. Matthew Patrick O'Reilly*, 24-C-18001599, Circuit Court for Baltimore City.  This appeared to be a civil action filed by Adam Tsottles against Plaintiff for the damage to the Waste Management collection truck.  However, after further investigation, Defendants learned that the Court entered a Judgment of Restitution, which ordered Plaintiff to pay restitution in the amount of $54.00, under the Criminal Case No. 817333005, Circuit Court for Baltimore City, in addition to ordering Plaintiff to one year of supervised probation, and to obtain anger management counseling.  *See* Judgment of Restitution attached hereto as **Exhibit C**.  The State's Attorney's Office had no explanation as to why the criminal restitution was recorded in the Maryland Judiciary Case Search as a civil judgment against Plaintiff.

---

[7] Paragraph 17 provides: "Defendants also seem to be unaware or unwilling to acknowledge that an Alford plea is a plea of innocence, not of guilt . . ."

[8] Paragraph 23 provides: "Defendants' claim that Defendant Tsottles prevailed in a civil suit against Plaintiff O'Reilly is preposterous.  This is literally the first time Plaintiff O'Reilly has heard of or seen mention of a civil action instigated by Defendant Tsottles. . . ."

### III.    ARGUMENT

**A. This Court Lacks Jurisdiction over Defendant Waste Management, Inc. and Defendant Waste Management, Inc. is Not a Proper Party to this Litigation.**

Plaintiff offers a series of irrelevant reasons as to why this Court has jurisdiction over WMI and that WMI is a proper party to this litigation.  Pl. Opp. at §§ A, E.  As Defendants articulated in their Motion to Dismiss, WMI is not a proper party to this litigation.  Tsottles, Mr. Palmer, and Mr. Prioleau are employees of Waste Management of Maryland, Inc.  *See* Exhibit 3 to Defendants' Motion to Dismiss, Affidavit of Courtney Tippy, (hereinafter "Tippy Aff."), ¶ 11-12.  WMI is a Delaware corporation that is not registered to conduct any business in Maryland. *Id.* at ¶¶ 3, 7.  Waste Management of Maryland, Inc. was incorporated and is qualified to do business in the State of Maryland.  *Id.* at ¶ 15.  Waste Management of Maryland, Inc. is engaged in providing waste collection, transfer and disposal services, and recycling and resource recovery in the State of Maryland.  *Id.* at ¶ 16.  Because WMI has no connection to this case whatsoever, the Court must dismiss the Amended Complaint against WMI.

**B.  Plaintiff Failed to Properly Serve Tsottles.**

Defendants articulated in their Motion to Dismiss that to date, Plaintiff failed to properly serve Tsottles with the summons and the Complaint or Amended Complaint.  Plaintiff's Opposition, which reiterates Plaintiff's method of service that was not compliant with the Federal Rules, fails to establish that Plaintiff properly served Tsottles pursuant to Fed. R. Civ. P. 4(e).  Pl. Opp. at § B.  Accordingly, the Court must dismiss the Amended Complaint against Tsottles.

**C. The Court must Disregard Plaintiff's Memorandum of Restatement of the Elements of Plaintiff's Cause of Action.**

Plaintiff improperly attempts to supplement facts in the Amended Complaint by

incorporating a Memorandum of Restatement of the Elements of Plaintiff's Causes of Action into Plaintiff's Opposition.  This is not a proper mechanism to further amend the Amended Complaint and, therefore, the Court should strike Plaintiff's submission and disregard it for purposes of ruling on Defendants' Motion to Dismiss.

### D. Plaintiff's Defamation *Per Se* Claim is Barred by the Statute of Limitations and, therefore, Plaintiff's Claim must be Dismissed.

Plaintiff's defamation *per se* claim is barred by the statute of limitations.  In Maryland, the statute of limitations for "[a]n action for assault, libel, or slander shall be filed within one year from the date it accrues."  Md. Code, Cts. & Jud. Proc. Art., § 5-105.  "Maryland imposes a one-year statute of limitations on claims for defamation."  *Long v. Welch & Rushe, Inc.*, 28 F. Supp. 3d 446, 456 (D. Md. 2014) (citing Md. Code, Cts. & Jud. Proc. Art., § 5-105).  "**The limitations period begins to run on the date the statements are improperly communicated**." *Id.* (citing *Bagwell v. Peninsula Reg'l Med. Ctr.*, 106 Md. App. 470, 508 (1995) (emphasis added)).  For defamation claims, "Maryland law follows the discovery rule, which provides that the cause of action accrues at the time the plaintiff 'knows or *should know* of the wrong.'" *Gainsburg v. Steben & Co.*, 838 F. Supp. 2d 339, 342 (D. Md. 2011) (emphasis added).

The alleged defamatory statement was made on October 17, 2017 when Tsottles filed charges against Plaintiff on behalf of Waste Management of Maryland, Inc.  *See* Am. Compl. ¶¶ 73-82, 94.  That same day, the District Court commissioner issued a Criminal Summons on Charging Document for the attempted theft and malicious destruction of property charges, which required Plaintiff to appear in the District Court of Maryland for Baltimore City on November 28, 2017.  *See* Criminal Summons on Charging Document, attached hereto as **Exhibit D**; Statement of Charges, attached hereto as **Exhibit E**.  Accordingly, Plaintiff knew or should have known of the defamatory statement on or around October 17, 2017 when he was served with the

Criminal Summons on Charging Document and Statement of Charges.  Plaintiff filed the

Complaint on November 27, 2018, which is over a year after Plaintiff alleges the incident

occurred.  Accordingly, Plaintiff's defamation *per se* claim is barred by the statute of limitation.

Therefore, the Court must dismiss Plaintiff's defamation *per se* claim.

### E. Maryland does not Recognize A Cause of Action for Negligent Infliction of Emotional Distress.

Maryland does not recognize a cause of action for negligent infliction of emotional

distress.  *See Bagwell v. Peninsula Reg'l Med. Ctr.*, 106 Md. App. 470, 517 (1995).  Plaintiff can

point to no authority to the contrary.  Pl. Opp. at § G.  Accordingly, Plaintiff's claim for

negligent infliction of emotional distress must be dismissed with prejudice.

### F. There is No Independent Cause of Action for Spoliation in Maryland.

In Maryland, there is no independent cause of action for spoliation.  *Goin v. Shoppers*

*Food Warehouse Corp.*, 166 Md. App. 611, 619 (2006).  Plaintiff can point to no authority to the

contrary.  Pl. Opp. at § H.  Accordingly, the Court must dismiss the spoliation of evidence, civil

conspiracy to despoil evidence and aiding and abetting the spoliation of evidence claims.

## IV.    CONCLUSION

For all of the foregoing reasons, Defendants Waste Management, Inc. and Adam Tsottles

move this Honorable Court for an Order dismissing the Amended Complaint in its entirety with

prejudice, and awarding costs and attorney's fees to Defendants because of the frivolous nature

of Plaintiff's vindictive and unwarranted lawsuit.

-8-

Respectfully submitted,

Dated:  <u>June 24, 2019</u>

<u>        /s/ Jillian K. Walton        </u>
Jillian K. Walton, Bar No. 20144
SAUL EWING ARNSTEIN & LEHR LLP
500 E. Pratt Street, Suite 800
Baltimore, Maryland 21202
(p) 410-332-8908
(f) 410-332-8181
jillian.walton@saul.com
*Counsel for Defendants Waste Management, Inc.*
*and Adam Tsottles*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of June, 2019, a copy of Waste Management, Inc. and Adam Tsottles's Reply Memorandum of Law In Further Support of Their Motion to Dismiss Plaintiff's Amended Complaint and a Proposed Order were served both electronically, through the Court's filing system, and by first-class mail on:

> Matthew O'Reilly
> 991 Rose Commons Dr. E101
> Huntersville, NC 28078
> *Pro Se Plaintiff*

I HEREBY CERTIFY that on this 24th day of June, 2019, a courtesy copy of Waste Management, Inc. and Adam Tsottles's Reply Memorandum of Law In Support of Their Motion to Dismiss Plaintiff's Amended Complaint, a Proposed Order, and attached exhibits, including a DVD, were hand delivered to the Clerk's Office.

/s/ Jillian K. Walton
Jillian K. Walton
