IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MATTHEW O'REILLY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-18-3622 |
| ADAM TSOTTLES, et al., | * | |
| Defendants. | | |

\*\*\*\*\*\*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Matthew O'Reilly's Motion to Reconsider, Vacate Dismissal, Reopen Case, and for Leave to Amend Complaint ("Motion to Reconsider") (ECF No. 75). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will deny the Motion.

## I.   BACKGROUND

### A.   Factual Background

The relevant facts underlying O'Reilly's claims are set forth in detail in the Memorandum Opinion supporting the Court's dismissal of O'Reilly's Complaint. (March 30, 2020 Mem. Op. ["Dismissal Order"] at 2–5, ECF No. 73). In brief, on November 27, 2018, O'Reilly sued Defendants Adam Tsottles and Waste Management, Inc. ("WMI") (collectively, "Defendants"). (ECF No. 1). On April 26, 2019, O'Reilly filed an Amended Complaint. (ECF No. 12). Within the Amended Complaint, O'Reilly alleged that he became engaged in a verbal and, eventually, physical altercation with two WMI employees.

(Am. Compl. ¶¶ 19, 32–44, ECF No. 12). O'Reilly alleged that following the encounter, Tsottles "filed a Criminal Information ('CI') against Plaintiff O'Reilly with the Baltimore City District Court alleging assault, malicious destruction of property, and attempted theft of the Defendants' property." (Id. ¶ 45). As a result, O'Reilly received a summons, was charged with multiple crimes, and eventually entered an Alford plea[1] to the second-degree assault charge. (Id. ¶¶ 57, 63); (Mot. Dismiss Pl.'s Am. Compl. ["Mot. Dismiss"] at 2, ECF No. 17-1); see also Maryland v. O'Reilly, No. 6B02363577 (Dist.Ct.Balt.City filed Oct. 17, 2017).

**B.      Procedural Background**

O'Reilly's thirty-three count Amended Complaint alleged: common law defamation per se (Count 1); civil conspiracy to defame (Count 2); aiding and abetting defamation (Count 3); violation of Maryland Transportation Code § 22-602 (Count 4); violation of Code of Maryland Regulation 11.14.07 (Count 5); violation of Health Code of Baltimore City § 9-206 (Count 6); violation of Health Code of Baltimore City § 7-221 (Count 7); promissory estoppel (Count 8); intentional infliction of emotion distress (Count 9); negligent infliction of emotional distress (Count 10); civil conspiracy to inflict emotional distress (Count 11); aiding and abetting the infliction of emotional distress (Count 12); assault (Count 13); negligent assault (Count 14); battery (Count 15); negligent battery

---

[1] An Alford plea "lies somewhere between a plea of guilty and a plea of nolo contendere" because it contains a "protestation of innocence." Bishop v. State, 7 A.3d 1074, 1085 (Md. 2010) (internal quotation marks and citations omitted). Individuals who enter into this plea may be "unwilling or unable" to admit their participation in the acts constituting the crime. Id. (quoting North Carolina v. Alford, 400 U.S. 25, 36 (1970)).

(Count 16); malicious prosecution (Count 17); civil conspiracy to prosecute maliciously (Count 18); aiding and abetting malicious prosecution (Count 19); abuse of process (Count 20); civil conspiracy to abuse process (Count 21); obstruction of justice (Count 22); civil conspiracy to obstruct justice (Count 23); aiding and abetting the obstruction of justice (Count 24); fraud (Count 25); civil conspiracy to defraud (Count 26); aiding and abetting fraud (Count 27); deprivation of due process (Count 28); civil conspiracy for deprivation of due process (Count 29); aiding and abetting the deprivation of due process (Count 30); spoliation of evidence (Count 31); civil conspiracy to despoil evidence (Count 32); and aiding and abetting the spoliation of evidence (Count 33). (Am. Compl. ¶¶ 73–116). O'Reilly sought $25 million in damages. (Id. ¶ 124).

On May 13, 2019, Defendants filed a Motion to Dismiss the Amended Complaint. (ECF No. 17). On June 5, 2019, O'Reilly filed a Motion to Treat Defendants' Amended Motion to Dismiss as a Motion for Summary Judgment ("Motion to Convert") (ECF No. 27). O'Reilly filed an Opposition to the Motion to Dismiss on June 7, 2019.[2] (ECF No.

---

[2] O'Reilly attached a "Memorandum of Restatement of the Elements of Plaintiff's Causes of Action" to his Opposition in which he purported to "enumerate[] each of the causes of action, with cross-references to some . . . of the supporting factual statements in the original and/or Amended Complaints." (See ECF No. 31-2). As the Court noted in the Dismissal Order, the Memorandum contained legal and factual assertions that were not made in the Amended Complaint. Thus, the Memorandum represented an impermissible attempt to supplement O'Reilly's claims through a responsive pleading. See Hurst v. District of Columbia, 681 F.App'x 186, 194 (4th Cir. 2017) (holding "a plaintiff may not amend her complaint via briefing"). Accordingly, the Court did not consider the Memorandum.

O'Reilly encloses a similar document with his Motion to Reconsider. (See ECF No. 75-3). For the same reasons, the Court will not consider the Memorandum in deciding the Motion to Reconsider.

31). On June 24, 2019, Defendants filed an Opposition to the Motion to Convert and a Reply to the Motion to Dismiss. (ECF Nos. 40, 43). O'Reilly filed a Reply to the Motion to Convert on July 10, 2019. (ECF No. 48).

On March 30, 2020, this Court granted the Motion to Dismiss. (ECF Nos. 73–74). In addition to granting Defendants' Motion to Dismiss, the Dismissal Order also disposed of several other outstanding motions: Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 14); O'Reilly's Motion for Partial Summary Judgment for Defamation Per Se (ECF No. 30); O'Reilly's Motion for Judgment on the Pleadings (ECF No. 32); O'Reilly's Motions to Amend, Join, and for Orders to Show Cause and Relief (ECF No. 33); and Plaintiff's Motion for an Order to Show Cause for Contempt (ECF No. 57).

On July 21, 2020, O'Reilly filed a Motion for Reconsideration. (ECF No. 75). On August 4, 2020, Defendants filed an Opposition to O'Reilly's Motion. (ECF No. 76). On August 17, 2020, O'Reilly filed a Reply in support of the Motion. (ECF No. 77).

## II.   DISCUSSION

### A.   <u>Standard of Review</u>

The Federal Rules of Civil Procedure include three Rules that permit a party to move for reconsideration. Rule 54(b) governs motions to reconsider interlocutory orders. <u>See Fayetteville Invs. v. Com. Builders, Inc.</u>, 936 F.2d 1462, 1469–70 (4th Cir. 1991). Rules 59(e) and 60(b) govern motions to reconsider final judgments. <u>Id.</u> Rule 59(e) controls when a party files a motion to alter or amend within twenty-eight days of the final judgment. <u>Bolden v. McCabe, Weisberg & Conway, LLC</u>, No. DKC-13-1265, 2014 WL 994066, at *1 n.1 (D.Md. Mar. 13, 2014). If a party files the motion later, Rule 60(b) controls. <u>Id.</u>

The Court granted Defendants' Motion to Dismiss on March 30, 2020, making O'Reilly's Motion for Reconsideration due April 27, 2020. As part of its response to the novel coronavirus, however, the Court issued certain standing orders extending all filing deadlines set to fall between March 16, 2020 and June 5, 2020 by eighty-four days. Standing Order 2020-07, In re Court Operations Under the Exigent Circumstances Created by COVID-19, slip op. at 2 (Apr. 10, 2020); see also Standing Order 2020-11, In re Court Operations Under the Exigent Circumstances Created by COVID-19, slip op. at 3 (May 22, 2020) (maintaining extended filing deadlines) (collectively, the "Standing Orders"). Thus, pursuant to the Standing Orders, the deadline for O'Reilly's Motion for Reconsideration was extended to July 20, 2020. Although the Court received O'Reilly's Motion on July 21, 2020, the Motion itself was dated July 20, 2020. (See Mot. Reconsideration at 2, ECF No. 75). Accordingly, the Court will treat O'Reilly's Motion as timely, and Rule 59(e) controls.

Rule 59(e) authorizes a district court to alter or amend a prior final judgment. See Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir. 2011). A federal district judge's power to grant a Rule 59(e) motion is discretionary. Robison v. Wix Filtration Corp., LLC, 599 F.3d 403, 411 (4th Cir. 2010). In general, granting a motion for reconsideration "is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). Furthermore, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will

not support granting such a request.'" <u>Lynn v. Monarch Recovery Mgmt., Inc.</u>, 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting <u>Sanders v. Prince George's Pub. Sch. Sys.</u>, No. RWT-08-501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)).

"Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." <u>U.S. ex rel. Carter v. Halliburton Co.</u>, 866 F.3d 199, 210–11 (4th Cir. 2017) (quoting <u>Zinkand v. Brown</u>, 478 F.3d 634, 637 (4th Cir. 2007)). With respect to the third factor, there must be more than simply a "mere disagreement" with a decision to support a Rule 59(e) motion. <u>Hutchinson v. Staton</u>, 994 F.2d 1076, 1082 (4th Cir. 1993). "A 'factually supported and legally justified' decision does not constitute clear error." <u>Jarvis v. Berryhill</u>, No. TMD-15-2226, 2017 WL 467736, at *1 (D.Md Feb. 3, 2017) (quoting <u>Hutchinson</u>, 994 F.2d at 1081–82). As to the "manifest injustice" standard, courts focus on whether there was fairness in the administrative process or a denial of due process. <u>Id.</u> (citing <u>Kasey v. Sullivan</u>, 3 F.3d 75, 79 (4th Cir. 1993)).

**B.**     <u>**Analysis**</u>

    **1.**     **O'Reilly's Previous Motions**

While the body of the Court's Dismissal Order focused on the merits Defendants' Motion to Dismiss, the Order also summarily denied several of O'Reilly's other pending Motions. (Dismissal Order at 1–2 n.1). The Court will review O'Reilly's challenges to those decisions in turn.

### i.  Motion for Judgment on the Pleadings

The Court denied O'Reilly's Motion for Judgment on the Pleadings (ECF No. 32) because the Motion was filed before Defendants filed an Answer. See Fed.R.Civ.P. 12(c) (permitting the filing of such a motion "[a]fter the pleadings are closed . . ."). O'Reilly contends that the Court erred in finding that the pleadings were not closed, because "Defendants chose not to file an Answer, instead filing a motion for summary judgment . . . and forfeit[ing] their right to file a responsive pleading[.]" (Mem. Supp. Pl.'s Mot. Reconsider Pl.'s Mots. ["Mot. Reconsider Other Mots."] at 14, ECF No. 75-1). As this Court has explained, however:

> Pleadings are considered closed "upon the filing of a complaint and answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed, in which even the filing of an answer to a counterclaim, crossclaim answer, or third-party answer normally will mark the close of the proceedings." 5C Charles Alan Wright, et al., FED. PRAC. & PROC. § 1367 (4th ed. May 2019). "A Rule 12(c) motion for judgment on the pleadings is appropriate when all material allegations of fact are admitted in the pleadings and only questions of law remain." Wells Fargo Equip. Fin., Inc. v. State Farm Fire & Cas. Co., 805 F.Supp.2d 213, 216 (E.D. Va. 2011), aff'd, 494 F.App'x 394 (4th Cir. 2012) (internal quotation omitted).

Puchmelter v. SKWeston & Co., LLC, No. ADC-20-309, 2020 WL 4903754, at *2 (D.Md. Aug. 20, 2020). There is no support for O'Reilly's contention that a Motion for Judgment on the Pleadings is appropriate where a defendant has moved to dismiss a claim rather than filing an Answer. Accordingly, the Court will not reconsider its decision to deny O'Reilly's Motion for Judgment on the Pleadings.

### ii. Motions to Amend, Join, and for Orders to Show Cause and Relief

The Court denied O'Reilly's Motions to Amend, Join, and for Orders to Show Cause and Relief (ECF No. 33) because O'Reilly failed to properly support the requested relief. In the case of O'Reilly's request to amend, O'Reilly wrote simply that he "moves for leave of the Court to amend his complaint to address any deficiencies identified." (Mots. Amend, Join, & Orders to Show Cause & Relief ["Pl.'s Various Mots."] at 1, ECF No. 33). At the time of the Motion, O'Reilly had already amended his Complaint once.

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed.R.Civ.P. 15(a)(2). However, leave to amend is properly denied when amendment would prejudice the opposing party, the moving party has exhibited bad faith, or amendment would be futile. Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos, 264 F.3d 424, 446 (4th Cir. 2001) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)). Because O'Reilly provided no guidance to the Court regarding the substance of O'Reilly's prospective second amended complaint, the Court had no ability to evaluate the propriety of the proposed amendment under any of the three aforementioned factors. In the Fourth Circuit, the decision to grant a party leave to amend lies within the sound discretion of the district court. Medigen of Ky., Inc. v. Pub. Serv. Comm'n of W.Va., 985 F.2d 164, 167–68 (4th Cir. 1993) (citations omitted). In its discretion, the Court declined to grant O'Reilly leave to amend his Complaint a second time. It will not reconsider that decision now.

O'Reilly's request to join was similarly unsupported. In his Motion, O'Reilly wrote, "If at any point in this action it is determined that Roy Palmer is an indispens[a]ble party

for any cause of action, Plaintiff O'Reilly moves that the Court grant leave to join Roy Palmer as a named defendant under Rule 19." (Pl.'s Various Mots. at 1). In his Reply, however, O'Reilly averred that he "does not argue for Roy Palmer's inclusion as an indispens[a]ble party because he does not believe him to be so[.]" (Reply Mem. Supp. Mots. Amend, Join, & Orders to Show Cause & Relief at 2, ECF No. 50). Confronted with these noncommittal arguments, the Court denied O'Reilly's request to join Palmer as a defendant.

In his Motion to Reconsider, O'Reilly now argues that Palmer was rendered an indispensable party by the Court's Dismissal Order, in which it found that Tsottles was not a proper party to O'Reilly's battery claim. This sort of defensive pleading, however, is not countenanced by the Federal Rules. Essentially, O'Reilly seeks to revive his claim on the basis that he, as "the master of the complaint," Caterpillar Inc. v. Williams, 482 U.S. 386, 398–99, (1987), declined to include as a defendant a party he now asserts was indispensable. The Court is not persuaded by this argument and will not reconsider its decision to deny O'Reilly's request to join Palmer as a party.

O'Reilly's Motion also sought orders to show cause and other relief relating to Defendants' alleged failure to waive service. The precise substance of O'Reilly's arguments and alleged injury caused by Defendants' actions are not clear from O'Reilly's briefing; what is clear, however, is that Defendants entered their appearance and actively defended against the Complaint. Moreover, the Court ultimately denied Tsottles' argument that O'Reilly had failed to properly serve him. (Dismissal Order at 16–17). To the extent Defendants engaged in an inappropriate failure to waive service, the effect of such a failure

in this pro se proceeding was minimal. The Court thus declines to reconsider its decision to deny O'Reilly's requests for an order to show cause and other relief.

### iii.   Motion to Show Cause for Contempt

The Court also denied O'Reilly's Motion for an Order to Show Cause for Contempt (ECF No. 57). In the Motion, O'Reilly sought an order requiring Defendants to show cause why they should not be held in contempt on the basis that Tsottles had perjured himself through an affidavit he submitted in support of Defendants' Motion to Dismiss. The Court denied the Motion upon finding that it failed to plead any of the elements for civil contempt. See Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000) (identifying the four elements of civil contempt, which must be proved by clear and convincing evidence: existence of a valid decree that the nonmovant had actual or constructive knowledge of; the decree benefited the movant; the nonmovant violated that decree with, at least, constructive knowledge of the violation; and harm to the movant).

In his Motion to Reconsider, O'Reilly argues that the Court erred in evaluating his Motion under the standards for civil contempt, as he sought an order requiring Defendants to show cause why the Court should not hold them in criminal contempt. (Mot. Reconsider Other Mots. at 23–24). Setting aside the propriety of a civil litigant seeking to hold an opposing party in criminal contempt, the Court will briefly review the applicable standards.

A United States court may impose criminal contempt under the following circumstances: "(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) Misbehavior of any of its officers in their official transactions; [or] (3) Disobedience or resistance to its lawful writ, process, order, rule,

decree, or command." 18 U.S.C. § 401. In his Reply in support of his Motion for an Order to Show Cause for Contempt, O'Reilly appears to argue that criminal contempt is appropriate under 18 U.S.C. § 401(1). To secure a conviction under § 401(1), "the Government must establish beyond a reasonable doubt: '(1) misbehavior of a person, (2) which is in or near to the presence of the Court, (3) which obstructs the administration of justice, and (4) which is committed with the required degree of criminal intent.'" United States v. Peoples, 698 F.3d 185, 189 (4th Cir. 2012) (quoting United States v. Warlick, 742 F.2d 113, 115 (4th Cir. 1984)).

O'Reilly has cited no authority for the proposition that submission of an allegedly fraudulent affidavit—particularly one on which the Court did not rely in its analysis—may constitute grounds for a Court to impose criminal contempt on a party in a civil lawsuit, nor is the Court aware of any such authority. At a minimum, given the inconsequential nature of the affidavit in question, it had no impact on the administration of justice, nor did it occur in or near to the presence of the Court. Accordingly, the Court will not reconsider its decision to deny O'Reilly's Motion for an Order to Show Cause for Contempt (ECF No. 57).

**2.    Conversion**

O'Reilly argues that the Court erred in denying his Motion to Treat Defendants' Amended Motion to Dismiss as a Motion for Summary Judgment ("Motion to Convert") (ECF No. 27). Specifically, O'Reilly identifies three categories of evidence the Court considered that ought to have required conversion of Defendants' Motion into a Motion for Summary Judgment: (1) court records relating to O'Reilly's criminal trial; (2) two

affidavits attached to Defendants' filings; and (3) a cell phone video attached to Defendants' Reply in support of their Motion to Dismiss.

The general rule is that a court may not consider extrinsic evidence when resolving a Rule 12(b)(6) motion without converting it to a motion for summary judgment. Fed.R.Civ.P. 12(d); see also Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011). But this general rule is subject to several exceptions. One such exception allows the Court to consider matters of public record, including state court records. Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Wittholn v. Fed. Ins. Co., 164 F.App'x 395, 396–97 (4th Cir. 2006) (per curiam) (concluding that state court records are public records of which a federal district court may take judicial notice). Moreover, the Court "may consider documents . . . attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." Sposato v. First Mariner Bank, No. CCB-12-1569, 2013 WL 1308582, at *2 (D.Md. Mar. 28, 2013); see CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co., 566 F.3d 150, 154 (4th Cir. 2009). Records from the state court proceedings that were the genesis of this lawsuit may properly be deemed integral documents, and O'Reilly has not raised credible doubts about the authenticity of those documents. Accordingly, the Court was permitted to consider records from O'Reilly's state court proceedings without converting Defendants' Motion to a motion for summary judgment.

With respect to the cell phone video and Tsottles' accompanying affidavit, the Court did not consider this evidence in reaching its decision on Defendants' Motion to Dismiss. The Court "has 'complete discretion to determine whether or not to accept the submission

of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.)). Because the Court declined to consider the video and affidavit, it was not required to convert Defendants' Motion to a motion for summary judgment.

Finally, the Affidavit of Courtney Tippy ("Tippy Affidavit") was attached to Defendants' Motion to support Defendants' argument that the Court lacks personal jurisdiction over WMI. (See Mot. Dismiss at 19–20 & Ex. 3). Under the Federal Rules, the introduction of materials outside the pleadings requires conversion only to the extent those materials are presented to support a motion under Rule 12(b)(6) or 12(c). Fed.R.Civ.P. 12(d). Defendants moved to dismiss O'Reilly's claims against WMI for lack of personal jurisdiction under Rule 12(b)(2). Moreover, all references to the Tippy Affidavit in the Dismissal Order are found in the portion of the Order addressing the Court's jurisdiction. (See Dismissal Order at 9, 12, 13). Accordingly, the Court was permitted to consider the Tippy Affidavit without converting the Motion to Dismiss to a motion for summary judgment. In sum, the Court did not err in declining to convert Defendants' Motion.

### 3.     Personal Jurisdiction

In the Dismissal Order, the Court concluded that O'Reilly had "failed to carry his burden of establishing that WMI has purposefully availed itself of the privilege of conducting activities in the state." (Dismissal Order at 14). In his Motion to Reconsider, however, O'Reilly introduces additional evidence, apparently discovered after the Court's

decision to dismiss the Complaint, indicating that WMI did purposefully avail itself of the privilege of conducting activities in Maryland. (Mem. Supp. Pl.'s Mot. Reconsider Defs.' Mot. Dismiss Pl.'s Am. Compl. ["Mot. Reconsider"] at 9, ECF No. 75-2). The Court will assume, without concluding, that O'Reilly has unearthed and introduced sufficient evidence to warrant reversing the Court's determination that it lacked jurisdiction over WMI. Regardless, for the reasons set forth below, the Court will decline to reconsider its dismissal of WMI, as the same deficiencies in his allegations and arguments regarding his claims against Tsottles are fatal as to his claims against WMI.

### 4.    Undisputed Claims

The Court dismissed several of O'Reilly's claims on the basis that he failed to defend the claims in his Opposition to Defendants' Motion to Dismiss. See Muhammad v. Maryland, No. ELH-11-3761, 2012 WL 987309, at *1 n.3 (D.Md. Mar. 20, 2012) ("[B]y failing to respond to an argument made in a motion to dismiss, a plaintiff abandons his or her claim."). In his Motion for Reconsideration, O'Reilly argues the Court erred in relying on cases regarding abandonment of claims that arose in the context of motions for summary judgment, rather than motions to dismiss. However, it is customary practice in this Court to deem claims abandoned to the extent a plaintiff fails to respond to a motion to dismiss those claims. See, e.g., Grice v. Colvin, 97 F.Supp.3d 684, 707 (D.Md. 2015); Grinage v. Mylan Pharm., Inc., 840 F.Supp.2d 862, 867 n.2 (D.Md. 2011); Ferdinand-Davenport v. Children's Guild, 742 F.Supp.2d 772, 783 (D.Md. 2010); Cox v. U.S. Postal Serv. Fed. Credit Union, No. GJH-14-3702, 2015 WL 3795926, at *6 (D.Md. June 17, 2015); Wingler v. Fid. Invs., No. WDQ-12-3439, 2013 WL 6326585, at *3 (D.Md. Dec. 2, 2013);

Muhammad, 2012 WL 987309, at *1 n.3; Stewart Title Guar. Co. v. Sanford Title Servs., LLC, No. ELH-11-620, 2011 WL 5547997, at *3 (D.Md. Nov. 10, 2011); see also United Supreme Council, 33 Degree of the Ancient & Accepted Scottish Rite of Freemasonry, Prince Hall Affiliation, S. Jurisdiction of the U.S. of Am., a Tenn. Non-Profit Corp. v. United Supreme Council of the Ancient Accepted Scottish Rite for the 33 Degree of Freemasonry, Prince Hall Affiliated, a D.C. Non-Profit Corp., 792 F.App'x 249, 259 (4th Cir. 2019) ("[W]e affirm the district court's . . . [holding] that [plaintiff] conceded its claims . . . by failing to respond to [defendant's] summary judgment motion on those points.").

The Court's dismissal of these abandoned claims was proper. Accordingly, the Court will not reconsider its decision to dismiss Counts 4–7,[3] 13–16, 22–24, and 28–30.

### 5.    Partially Disputed Claims

The Court dismissed another group of O'Reilly's claims based on similar reasoning. These "Partially Disputed Claims" included intentional infliction of emotional distress ("IIED"), civil conspiracy, and aiding and abetting IIED; malicious prosecution, civil conspiracy, and aiding and abetting the same; abuse of process, civil conspiracy, and aiding and abetting the same; and promissory estoppel. Rather than substantively responding to

---

[3] While O'Reilly does not mention this in his Motion for Reconsideration, the Court's Dismissal Order mistakenly omits Count 6 from the counts dismissed on this basis. (See Dismissal Order at 21). However, the Court clearly referenced Count 6, which alleged a violation of Health Code of Baltimore City § 9-206, in this section. (See Dismissal Order at 20 ("[P]rior to filing a private lawsuit for violation of Baltimore City Health Code § 9-206, O'Reilly was required to notify the Commissioner, as required by § 9-214, but he failed to do so[.]")). The Court's reasoning in this section of the Dismissal Order thus applied equally to Count 6.

Defendants' motion to dismiss these claims, O'Reilly conclusorily asserted that Defendants' motion was incorrect and that he had adequately pleaded the elements of each cause of action.

The Court found that O'Reilly's response warranted dismissal of those claims because it was "entirely conclusory, and contain[s] no specific arguments addressing the defendant['s] points." Bankcroft Com., Inc. v. Goroff, No. CCB-14-2796, 2014 WL 7409489, at *7 (D.Md. Dec. 31, 2014); see also Hardaway v. Equity Residential Mgmt., LLC, 2016 WL 3957648, at *6 (D.Md. July 22, 2016) (reiterating that the court may treat a defendant's arguments as uncontested and dismiss the complaint when the plaintiff simply "repeat[s] many of the same conclusory allegations in their opposition brief that appeared in the . . . amended complaint").

In his Motion for Reconsideration, O'Reilly does not challenge the Court's conclusion that he failed to substantively address Defendants' arguments in his Opposition to their Motion to Dismiss. Instead, he references, without explanation, the portions of his Amended Complaint that purportedly establish the elements of the dismissed claims. O'Reilly thus fails to identify or establish a clear error of law or manifest injustice, as is required for the Court to reconsider its dismissal of these claims. Accordingly, the Court will not reconsider its decision to dismiss Counts 8–9, 11–12, 17–21,[4] and 25–27.

_____

[4] While O'Reilly does not mention this in his Motion for Reconsideration, the Court's Dismissal Order mistakenly omits Count 18 from the Counts dismissed pursuant to the Court's analysis in this section of the Dismissal Order. (See Dismissal Order at 22). Once again, however, the Court clearly referenced Count 18, which alleged a civil conspiracy to prosecute maliciously, in this section. (See Dismissal Order at 21–22 ("Tsottles argues that O'Reilly has failed to state a claim for . . . malicious prosecution

### 6.    Defamation

The Court dismissed O'Reilly's defamation claim and his two related claims on the basis of timeliness. "Maryland imposes a one-year statute of limitations on claims for defamation." Long v. Welch & Rushe, Inc., 28 F.Supp.3d 446, 456 (D.Md. 2014) (citing Md. Code Ann., Cts. & Jud. Proc. ["CJP"] § 5-105). The statute of limitations for defamation begins to run the day the statements are improperly communicated. Id. However, Maryland recognizes and applies the discovery rule to defamation claims. Ayres v. Ocwen Loan Servicing, LLC, 129 F.Supp.3d 249, 272 (D.Md. 2015).

O'Reilly filed his original Complaint on November 27, 2018. (ECF No. 1). On October 17, 2017, more than one year and one month beforehand, Tsottles reported the incident to police, who issued a summons to O'Reilly that same day. The summons plainly states that it was accompanied by a charging document, in accordance with Maryland Rules. (See Defs.' Reply Mem. Law Supp. Mot. Dismiss Am. Compl. ["Defs.' Reply Supp. Mot. Dismiss"] Ex. D ["Summons"] at 2, ECF No. 43-4); see also Md. Rule 4-212(b) ("[A] summons shall advise the defendant to appear in person at the time and place specified or, in the circuit court . . . . A copy of the charging document shall be attached to the summons."). The charging document, in turn, stated in general terms the allegations against O'Reilly. (See Defs.' Reply Supp. Mot. Dismiss Ex. E ["Summons"] at 2, ECF No. 43-5). The Court found that receipt of the summons and the accompanying charging document

---

[and] civil conspiracy . . . . While O'Reilly intends to defend these claims, his response is wholly inadequate[.]")). The Court's reasoning in this section of the Dismissal Order thus applied equally to Count 18.

caused O'Reilly to possess "facts sufficient to cause a reasonable person to investigate further." Pennwalt Corp. v. Nasios, 550 A.2d 1155, 1163–64 (Md. 1988).

O'Reilly argues that the Court erred by assuming that the charging document was attached to the summons. According to O'Reilly, the summons was not accompanied by the charging document; thus, he was "first informed of the charges against him" when he appeared in court in response to the summons on November 28, 2017. (Am. Compl. ¶ 57; see also O'Reilly Aff. ¶ 4, ECF No. 75-5 ("The only information I received prior to the first Baltimore City District Court hearing on 28 November, 2017, was a small slip of carbon paper summoning me to the hearing, which contained no information about the charges being brought against me.")). Therefore, O'Reilly argues, his defamation claim was timely filed within one year of the date on which he became aware of the allegedly defamatory statements.

The Court is unpersuaded by O'Reilly's argument for two reasons. First, to survive a motion to dismiss, O'Reilly is obligated to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Two assertions supporting O'Reilly's argument are implausible: (a) that the summons was served on him without a charging document, an event that would constitute a virtually unheard-of exception to the Maryland Rules; and (b) that O'Reilly, whose zealous advocacy for himself in this case has more than demonstrated his tenacity when it comes to legal action, received a summons lacking any detail regarding its origin and, rather than investigate, simply waited for over a month and appeared in court, knowing nothing of the charges against him.

Second, for that very reason, O'Reilly was on inquiry notice from the time he received the summons <u>even if</u> it is true that a charging document was not attached. A plaintiff is on inquiry notice when the plaintiff "possesses 'facts sufficient to cause a reasonable person to investigate further, and . . . a diligent investigation would have revealed that the plaintiffs were victims of . . . the alleged tort.'" <u>Dual Inc. v. Lockheed Martin Corp.</u>, 857 A.2d 1095, 1104 (Md. 2004) (quoting <u>Pennwalt</u>, 550 A.2d at 1164). When O'Reilly received a summons directing him to appear in court because he was being charged with a crime—and the summons referenced a purportedly missing "charging document attached hereto"—O'Reilly possessed facts sufficient to cause a reasonable person to investigate further. Had he done so, he would have learned of the substance of Defendants' allegations against him, which would have placed him on notice of the alleged defamatory statements. His failure to investigate does not excuse his untimely claim. Accordingly, the Court will not reconsider its decision to dismiss Counts 1–3 as time-barred.

### 7.    Negligent Infliction of Emotional Distress and Spoliation

The Court dismissed Count 10, negligent infliction of emotional distress, and Counts 31–33, spoliation of evidence and related conspiracy and aiding and abetting claims, on the basis that they asserted claims that are not recognized in Maryland. <u>See</u> <u>Bagwell v. Peninsula Reg'l Med. Ctr.</u>, 665 A.2d 297, 320 (Md.Ct.App. 1995) ("Maryland does not recognize the tort of 'negligent infliction of emotional distress' as an independent cause of action.") (citing <u>Abrams v. City of Rockville</u>, 596 A.2d 116, 118 (Md.Ct.App.

1991)); Goin v. Shoppers Food Warehouse Corp., 890 A.2d 894, 898–99 (Md.Ct.App. 2006) (declining to recognize spoliation as independent tort).

In his Motion to Reconsider, O'Reilly appears to question why this Court will not contravene Maryland law. It once again declines to do so. Accordingly, the Court will not reconsider its decision to dismiss Counts 10 and 31–33.

### 8.    Motion for Leave to Amend

Finally, O'Reilly includes with his Motion to Reconsider a proposed Second Amended Complaint. (ECF Nos. 75-6, 75-7). Among other things, the proposed Second Amended Complaint, filed nearly two years after O'Reilly first filed this lawsuit, includes a host of new defendants; additional background information regarding the development of the hostility between O'Reilly and Defendants; additional details regarding the alleged assault; new assertions regarding deficiencies in the summons he received; and other edits and restatements throughout the document.

The Court will deny O'Reilly's Motion for Leave to Amend. As set forth above, leave to amend is properly denied when amendment would prejudice the opposing party, the moving party has exhibited bad faith, or amendment would be futile. Edell & Assocs., 264 F.3d at 446. A post-judgment motion for leave to amend "is evaluated under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." Hecht v. Hargan, No. GJH-17-3786, 2020 WL 134534, at *2 (D.Md. Jan. 13, 2020) (quoting Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006)).

Here, the Court finds that amendment would be futile because the additional allegations do not address the reasons for the Court's prior dismissal of O'Reilly's lawsuit.

20

Indeed, O'Reilly's previous Amended Complaint was already quite substantial, spanning twenty-nine pages in total and including thirty-three separate counts. Despite that, it failed to state a claim for which relief may be granted. O'Reilly's additional factual allegations do nothing to address the grounds for the Court's dismissal of his Complaint. Moreover, even assuming <u>arguendo</u> that the Second Amended Complaint articulates an otherwise viable claim against the proposed additional defendants, many of those claims would now be outside the applicable statutes of limitations. <u>See</u> <u>Wonasue v. Univ. of Md. Alumni Ass'n</u>, 295 F.R.D. 104, 110 (D.Md. 2013) (finding that for an amended complaint to "relate back" to the date of the original filing, the added party must have within the appropriate time period "received such notice of the action that it will not be prejudiced in defending on the merits; and . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity") (quoting Fed.R.Civ.P. 15(c)). Accordingly, the Court finds that the proposed amendment is futile and will deny O'Reilly's request for leave to amend.

### III.   CONCLUSION

For the reasons stated above, the Court will deny O'Reilly's Motion for Reconsideration (ECF No. 75). A separate Order follows.

Entered this 8th day of February, 2021.

           /s/

George L. Russell, III
United States District Judge
